CA 07 360 ML



**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District RHODE ISLAND |
|---|---|
| Name (under which you were convicted): RAYMOND LYNCH | Docket or Case No.: |
| Place of Confinement: HIGH SECURITY CENTER, A.C.I. | Prisoner No.: 108359 |
| Petitioner (include the name under which you were convicted): RAYMOND LYNCH | v. Respondent (authorized person having custody of petitioner): WARDEN WEEDEN |
| The Attorney General of the State of RHODE ISLAND | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: SUPERIOR COURT, KENT COUNTY, 222 QUAKER LANE, WARWICK, R.I. 02886

   (b) Criminal docket or case number (if you know): K1-1996-0591A

2. (a) Date of the judgment of conviction (if you know): APRIL 1, 1998

   (b) Date of sentencing: JUNE 26, 1998

3. Length of sentence: 60 YRS. / 30 YRS. TO SERVE

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 3 COUNTS - 1ST DEG. SEXUAL ASSAULT (ORAL, VAGINAL, ANAL) 2 COUNTS - 2ND DEG. " " (BREASTS, EJACULATION IN PALM)

6. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ________

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: R.I. SUPREME COURT

(b) Docket or case number (if you know): 99-327

(c) Result: AFFIRMED

(d) Date of result (if you know): AUGUST 12, 2004

(e) Citation to the case (if you know): 854 A.2d 1022

(f) Grounds raised: PSYCHOLOGIST HEARSAY TESTIMONY; VICTIM'S COMPETENCE; MOTION TO PASS DENIED; PAST SEXUAL ACTIVITY; DETECTIVE'S HEARSAY; EXHIBIT #7; DR. McCUE HEARSAY; CHAIN OF CUSTODY TO LAB; JURY INSTRUCTIONS; 2ND DEG. SEX. ASSAULT SUFFICIENT EVIDENCE ~~[illegible]~~ INSTRUCTION; 1ST DEG. SEXUAL ASSAULT-DUE PROCESS; MOTION FOR NEW TRIAL DENIAL

(g) Did you seek further review by a higher state court? Yes ☐ No ☑

If yes, answer the following:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Result: ______

(4) Date of result (if you know): ______

(5) Citation to the case (if you know): ______

(6) Grounds raised: ______

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______________________

(3) Date of result (if you know): ______________________

(4) Citation to the case (if you know): ______________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: KENT COUNTY SUPERIOR COURT

(2) Docket or case number (if you know): KM-2004-0918

(3) Date of filing (if you know): OCTOBER 22, 2004

(4) Nature of the proceeding: APPLICATION FOR POST-CONVICTION RELIEF

(5) Grounds raised: FORENSIC D.N.A. RE-TESTING

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☑ No ☐

(7) Result: INCOMPLETE, NEARLY MATCHING Y-CHROMOSOME RESULTS

(8) Date of result (if you know): JANUARY 18, 2007

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: KENT COUNTY SUPERIOR COURT

(2) Docket or case number (if you know): KM 2005-0347

(3) Date of filing (if you know): APRIL 19, 2005

(4) Nature of the proceeding: APPLICATION FOR POST-CONVICTION RELIEF

(5) Grounds raised: -INEFFECTIVE ASSISTANCE OF COUNSEL

- DUE PROCESS - PROSECUTORIAL MISCONDUCT

- DUE PROCESS - INSUFFICIENT EVIDENCE FOR 1ST DEG. SEXUAL ASSAULT-ANAL AND 2ND DEG. SEXUAL ASSAULT-BREASTS

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☑ No ☐

(7) Result: DENIED + DISMISSED

(8) Date of result (if you know): MAY 1, 2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __________

(2) Docket or case number (if you know): __________

(3) Date of filing (if you know): __________

(4) Nature of the proceeding: __________

(5) Grounds raised: __________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: __________

(8) Date of result (if you know): __________

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☑ No ☐

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

NO APPEALABLE ISSUE IN FIRST APPLICATION

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** 6TH AMEND.-INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): DEFENSE COUNSEL FAILED TO ADEQUATELY CROSS-EXAMINE THE RAPE CRISIS KIT EXAMINATION DOCTOR McCUE ABOUT THE LACK OF PHYSICAL TRAUMA TO THE VICTIM'S ANUS (RELAXATION CONDITION OF THE SPHINCTER MUSCLE) EVEN THOUGH THE VICTIM CLAIMED SEXUAL PENETRATION BETWEEN HER BUTTOCKS. THE RELAXATION CONDITION SHOULD HAVE BEEN PRESENT IF SEXUAL ABUSE HAD OCCURRED. ~~STATE v. BRYANT, 670 A.2d 776 (R.I. 1996)~~ THIS WOULD UNDERMINE CONFIDENCE IN THE VERDICT. ~~BROCCOLI v. MORAN, 698 A.2d 720 (R.I. 1997)~~ IF THE JURY SAW NO TRAUMA.

REFER TO DR. McCUE'S PHYSICAL EXAMINATION REPORT WITH DIAGRAM OF PELVIS AREA; NO REFERENCE TO RELAXATION CONDITION, NO STATE'S EVIDENCE, ALSO, TO HOLD W/OUT BAIL

(b) If you did not exhaust your state remedies on Ground One, explain why: ~~NOT AN ISSUE TO BE RAISED ON APPEAL~~.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: NOT AN ISSUE TO BE RAISED ON APPEAL.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: APPLICATION FOR POST-CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: KENT COUNTY SUPERIOR COURT

Docket or case number (if you know): KM-2005-0347

Date of the court's decision: MAY 1, 2007

Result (attach a copy of the court's opinion or order, if available): ENCLOSED. DENIED

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ~~R.I. SUPREME COURT~~, KENT COUNTY ~~[illegible]~~ SUPERIOR COURT, 222 QUAKER LANE, WAR., R.I.

Docket or case number (if you know): KM-2005-0347

Date of the court's decision: MAY 18, 2007

Result (attach a copy of the court's opinion or order, if available): NOTICE OF APPEAL DENIED (I WAS NEVER NOTIFIED OF THIS.)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: ______

**GROUND TWO:** 14TH AMEND. DUE PROCESS-PROSECUTORIAL MISCONDUCT (PRACTICED TESTIMONY); 6TH AMEND.-FAIR TRIAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE PROSECUTOR PUT THE VICTIM ON THE STAND WITH PRACTICED TESTIMONY. THE PLAINTIFF WILL CALL THE VICTIM AND AND HER MOTHER TO COURT TO TESTIFY ABOUT THIS.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: RECEIVED INFORMATION ABOUT THIS AFTERWARD.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: APPLICATION FOR POST-CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WARWICK, R.I. 02886

Docket or case number (if you know): KM 2005-0347

Date of the court's decision: MAY 1, 2007

Result (attach a copy of the court's opinion or order, if available): ENCLOSED. DENIED

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WAR., R.I.

Docket or case number (if you know): KM-2005-0347

Date of the court's decision: MAY 18, 2007

Result (attach a copy of the court's opinion or order, if available): NOTICE OF APPEAL DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ______

**GROUND THREE:** 14TH AMEND. DUE PROCESS - 2ND DEG. SEXUAL ASSAULT-BREASTS CHARGE - INSUFFICIENT EVIDENCE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): TRANSCRIPT PAGE 245 IS THE LOCATION, THE STATE ARGUED ON APPEAL, THAT CONTAINS THE TESTIMINIAL EVIDENCE IN THE RECORD FOR GUILT OF 2ND DEG. SEXUAL ASSAULT-BREASTS, RECORD SHOWS EVIDENCE OF A BATTERY (LESSER) CHARGE, ONLY. ~~"THE INTENT IN TOUCHING... IS AN ADEQUATELY DISPUTED ISSUE..." STATE V. MESSA, 594 A.2d 882 (R.I. 1991). SHOWS AN AMBIGUOUS TOUCH. STATE V. BROWN, 586 A.2d 1085 (R.I. 1991).~~ NO EVIDENCE TO SHOW PURPOSE OF SEXUAL AROUSAL OR GRATIFICATION.

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: APPLICATION FOR POST-CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WARWICK, R.I. 02886

Docket or case number (if you know): KM 2005-0347

Date of the court's decision: MAY 1, 2007

Result (attach a copy of the court's opinion or order, if available): ENCLOSED. DENIED.

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ~~[illegible]~~ KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WAR., R.I.

Docket or case number (if you know): KM-2005-0347

Date of the court's decision: MAY 18, 2007

Result (attach a copy of the court's opinion or order, if available): NOTICE OF APPEAL DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

**GROUND FOUR:** DUE PROCESS - 1ST DEG. SEXUAL ASSAULT - ANAL - NOT SPECIFIC; INSUFFICIENT EVIDENCE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) NO REFERENCE, SPECIFICALLY, IS MADE TO THE VICTIM'S ANUS, PER R.I.G.L. 11-37-1 (8) (AS REFERENCE TO HER VAGINA WAS). A POSSIBLE DESCRIPTION OF A VAGINAL PENETRATION, FROM THE BACK, IS DECRIBED IN THE RECORD. (2) SEXUAL GRATIFICATION ELEMENT IS NOT SATISFIED. ~~PURSUANT TO GRIFFITH V. STATE, 660 A.2d 704, 706-07 (R.I. 1995)~~.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: APPLICATION FOR POST-CONVICTION RELIEF

Name and location of the court where the motion or petition was filed: KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WARWICK, R.I. 02886

Docket or case number (if you know): KM 2005-0347

Date of the court's decision: MAY 1, 2007

Result (attach a copy of the court's opinion or order, if available): ENCLOSED. DENIED

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: KENT COUNTY SUPERIOR COURT, 222 QUAKER LANE, WAR., R.I.

Docket or case number (if you know): KM-2005-0347

Date of the court's decision: MAY 18, 2007

Result (attach a copy of the court's opinion or order, if available): NOTICE OF APPEAL DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

FEDERAL COURT-DISTRICT OF R.I.
C.A. NO. 07-83S PETITION FOR WRIT OF HABEAS CORPUS
SAME AS THESE ISSUES, ENCLOSED.
MAY 14, 2007 PETITION DISMISSED BECAUSE STATE REMEDIES WERE NOT EXHAUSTED YET, PURSUANT TO 28 U.S.C. §2254.

✳ 15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ✳I SUBMITTED KM-2005-0347 TO THE R.I. SUPREME COURT (MAILED ON 9/6/07) FOR REVIEW, NOT BEING SURE IF THE KENT COUNTY SUPERIOR COURT EXHAUSTED MY REMEDIES ON 5/18/07.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: RONALD BONIN, 1070 RESERVOIR AVE., CRANSTON, R.I. 02910

(d) At sentencing: SAME AS ABOVE

(e) On appeal: MARK LAROCHE, 10 DORRANCE ST., SUITE 515, PROVIDENCE, R.I. 02903

(f) In any post-conviction proceeding: THOMAS BRIDDY, THE REMINGTON BUILDING, 91 FRIENDSHIP ST. - 3RD FLOOR, PROVIDENCE, R.I. 02903

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______________________

(b) Give the date the other sentence was imposed: ______________________

(c) Give the length of the other sentence: ______________________

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ❑ No ❑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* ~~SEE 28 U.S.C. § 2244(d)(2)~~.
~~THIS PETITION IS~~ SEE 28 U.S.C. § 2244 (d)(2).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: VACATE THE PLAINTIFF'S CONVICTIONS ON ALL 5 COUNTS, AND DISMISS THE CHARGES

or any other relief to which petitioner may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on SEPT. 24, 2007 (month, date, year).

Executed (signed) on 9/23/07 (date).

[signature]
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________________________

______________________________________________

______________________________________________

IN FORMA PAUPERIS DECLARATION

______________________________

[Insert appropriate court]

* * * * *