**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAYMOND LYNCH** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-360ML** |
| | : | |
| **WARDEN WEEDEN** | : | |

**<u>MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS</u>**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Petitioner Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 20, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on November 19, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on November 20, 2007:

Raymond Lynch
P.O. Box 8273
Cranston, R.I. 02920

/s/ Aaron L. Weisman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAYMOND LYNCH** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-360ML** |
| | : | |
| **WARDEN WHITMAN** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss Petitioner Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"). The Petitioner raises four claims in his Petition, none of which have been fully exhausted in state court. For this reason, and as discussed more fully below, the State would respectfully ask that this Honorable Court dismiss the Petition without prejudice.

## II. BACKGROUND

A full recitation of the facts underlying the Petitioner's convictions can be found in the Rhode Island Supreme Court's reported decision, State v. Lynch, 854 A.2d 1022 (R.I. 2004).[1]

For purposes of adjudicating the instant motion, the following facts are relevant:

- On November 14, 1996, a Kent County grand jury indicted the Petitioner on three counts of first-degree sexual assault, three counts of second-degree sexual assault, and two counts of simple assault.

- On April 1, 1998, following a four day trial in the Kent County Superior Court (Israel, J.), a jury convicted the Petitioner of all three counts of first-degree sexual assault and two counts of second-degree sexual assault. The jury acquitted Lynch of the remaining three charges.

---

[1] The State has included a copy of this decision, as well as copies of the briefs that the Petitioner and the State filed in the Rhode Island Supreme Court, in a separate Appendix. On information and belief, transcripts of the Petitioner's trial and sentencing are available in the state court file.

- On May 8, 1998, the Superior Court sentenced Lynch to sixty (60) years, thirty (30) to serve, on each of the first-degree sexual assault convictions, and ten (10) years to serve on the two second-degree sexual assault convictions. All of the sentences run concurrently.

- On August 12, 2004, the Rhode Island Supreme Court affirmed the Petitioner's conviction. *See* Lynch, 854 A.2d 1022.

- On or about April 19, 2005, the Petitioner filed an application for post conviction relief (his second) in the Kent County Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1 (Case No. KM 05-0347). *See* Exhibit 1.

- On May 1, 2007, the Rhode Island Superior Court (Ragosta, J.) denied and dismissed Lynch's application for post-conviction relief.

- Lynch has appealed, as of right, such post-conviction-relief denial to the Rhode Island Superior Court, and such appeal has not as yet been determined by the Rhode Island Supreme Court.[2]

The Petitioner filed the instant Petition on September 23, 2007. The Petitioner identifies four grounds on which he claims that he is being held unlawfully:

1. "14th Amendment Due Process Violation:" Insufficient evidence to support second degree sexual assault conviction;

2. "6th Amendment—Ineffective Assistance of Counsel:" Defense counsel failed to adequately examine physician regarding lack of physical trauma to victim;

3. "14th Amendment—Due Process; 6th Amendment–Fair Trial:" Prosecutorial misconduct based on victim's "practiced testimony"; and

4. "Due Process Violation—Insufficient Evidence:" Victim's testimony regarding sexual assault not specific enough.

Petition at 6-12.

Petitioner acknowledges that he raised each of these claims in his second post-conviction relief application. *Id.*

---

[2] In October of 2007, Lynch filed, in the Rhode Island Supreme Court, a *Statement of the Case with a Summary of the Issues*; the State, in turn, filed, on October 29, 2007, a responsive *Motion to Dismiss Appeal or, in the Alternative, for an Order Staying this Appeal and Requiring the Appellant to Order Transcripts*. As of this time, the Rhode Island Supreme Court has not yet ruled upon the State's motion.

## III. ARGUMENT

It is well settled that

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); ***see also*** 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) ("A claim for habeas corpus relief has been exhausted where the claim has been 'fairly presented' to the courts.").

The Petitioner has not exhausted all of his state court remedies with respect to the four claims that he identifies in his Petition. These claims were included in Petitioner's April 19, 2005, post-conviction relief application, which application, as referenced above, was denied by the Superior Court on May 1, 2007 and is currently on appeal before the Rhode Island Supreme Court. Petitioner, then, is ineligible for federal habeas relief because he has failed to exhaust his state court remedies. ***Cf.*** Josselyn, 475 F.3d at 2 (holding that "[w]here . . . a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies").

Indeed, earlier this year, on May 11, 2007, Judge Smith granted the State's motion to dismiss an earlier 28 U.S.C. § 2254 habeas corpus action filed Petitioner Lynch, which action challenged precisely the same conviction on precisely the same grounds as the instant habeas action, because Petitioner Lynch had failed to exhaust his state remedies. ***Please see*** CA-07-083A. The State would respectfully suggest that the same action is warranted with respect to the within action.

## IV. CONCLUSION

Wherefore, for the reasons identified above,[3] the State would respectfully ask that this Honorable Court dismiss Raymond Lynch's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 20, 2007

[3] The State reserves the right to challenge the merits of the Petitioner's claims once he has exhausted his state court remedies and his habeas petition becomes ripe for adjudication in this court.

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on November 19, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on November 20, 2007:

Raymond Lynch
P.O. Box 8273
Cranston, R.I. 02920

/s/ Aaron L. Weisman