UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND LYNCH | : | |
| | : | |
| v. | : | C.A. No. 07-360ML |
| | : | |
| WARDEN WEEDEN | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Petitioner, Raymond Lynch ("Lynch" or "Petitioner"), filed his Petition for Writ of Habeas Corpus on September 27, 2007. (Document No. 1). Petitioner seeks habeas corpus review of several state court convictions for first- and second-degree sexual assault. Respondent, State of Rhode Island (the "State"), filed a Motion to Dismiss the Petition as unexhausted. (Document No. 4). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 4) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

**Background**

Petitioner was convicted by a jury on April 1, 1998 of three counts of first-degree sexual assault and two counts of second-degree sexual assault against his developmentally-impaired daughter. See State v. Lynch, 854 A.2d 1022, 1028 (R.I. 2004). He was subsequently sentenced to serve sixty years, thirty to serve on each of the first-degree sexual assault convictions and ten years to serve concurrently on the two second-degree sexual assault convictions. Id. Petitioner appealed his conviction, alleging numerous trial court errors, each of which was rejected by the

Rhode Island Supreme Court. Id. Subsequently, on April 19, 2005, Petitioner filed a Motion for Post-Conviction Relief in the Rhode Island Superior Court. Petitioner's Motion for Post-Conviction Relief was denied by the Superior Court on May 1, 2007. Lynch asserts that he then filed a Notice of Appeal in Rhode Island Supreme Court which was denied on May 18, 2007. Lynch notes, however, that he subsequently "entered a pro se appeal (Case No. SU-07-317) which is pending, in[ ] the R.I. Supreme Court." See Document No. 6.

This is the second unexhausted habeas corpus petition filed by Petitioner in this Court. On March 5, 2007, Petitioner filed Lynch v. Whitman, C.A. No. 07-83S, in which Petitioner presented the Court with the same four grounds raised in this Petition. At the time that he filed that action, his Motion for Post-Conviction Relief had not been decided by the Rhode Island Superior Court. Because he had not received a decision from the Superior Court or filed an appeal with the Rhode Island Supreme Court, Petitioner conceded that he had not exhausted his State Court remedies, but he nevertheless asked this Court to review his claims. I reviewed the Petition and Motion submitted in that case, and I recommended that the Petition be dismissed as unexhausted. District Judge Smith adopted my Report and Recommendation. See Lynch v. Whitman, C.A. No. 07-83S, 2007 WL 1437464 (D.R.I. May 14, 2007).

The grounds raised in this Petition, the legal arguments set forth in the State's Motion to Dismiss and Petitioner's admission that he failed to exhaust his remedies present the Court with a case of deja vu. Again, Petitioner cannot, and does not, dispute that his claims are technically unexhausted, but he claims that the appeal pending in the Rhode Island Supreme Court "may not even be necessary" due to the denial of his Notice of Appeal. He also argues that, "[c]ertainly there is enough confusion to warrant entry of the instant action into the federal court for proper determination of whether the Petitioner's claims are state exhausted or not." Document No. 6.

Petitioner also states that he "feels that his state remedies are exhausted because he did 'give the state courts an opportunity to act on his claims.'" Id. (citation omitted). Petitioner's arguments are unconvincing. Both the State and Petitioner indicate that there is a pending matter in the Rhode Island Supreme Court concerning Petitioner's appeal of the Superior Court's denial of his post-conviction relief action. Because there is a pending appeal, the Court cannot presently consider the merits of the Petition. Petitioner's failure to exhaust all of his State Court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) is fatal to the present Petition. See 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the Courts of the State...."). His Petition is unexhausted and thus must be dismissed.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 4) be GRANTED and the Petition (Document No. 1) be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 4, 2008